IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY STRONG

          Plaintiff,

      v.

COUNTRYWIDE HOME
LOANS, INC. ET AL.,

          Defendants.

**Case No. 6:16-cv-00233-MC (Lead Case)**
Case No. 6:16-cv-00331-MC (Trailing Case)

**OPINION AND ORDER**

---

**MCSHANE, Judge:**

Plaintiff, proceeding *pro se*, initially brought the consolidated actions against various

banks, trustees, and beneficiaries in the Deschutes County Circuit Court and it was subsequently

removed to this Court. ECF No. 1. Plaintiff's claims arise out of a property located at 65510 Old

Bend Redmond Highway in Bend, Oregon, 97701. Plaintiff secured a $364,000 refinance loan

for the property and subsequently defaulted on that loan. ECF No. 9-1. Following default, the

Deed of Trust for the property was assigned and, through a series of related events, Plaintiff lost

access to the property. ECF No. 9-2. For the fourth time, Plaintiff now brings an array of claims

involving the property at issue.

## PREVIOUS LITIGATION

Plaintiff's claims are nearly identical actions to those of Civ. Nos. 6:15-cv-1536 and

6:15-cv-1966, which were consolidated by this Court. *See* Civ. No. 6:15-cv-1536 at ECF Nos.

33, 41. After hearing oral argument and carefully considering Plaintiff's various contentions in

those cases, this Court dismissed Plaintiff's federal claims brought under the Truth in Lending

Act and the Real Estate Settlement Procedures Act for failure to state a claim and, due to various defects in Plaintiff's other claims in that case, this Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *Id.* at ECF No. 41. Plaintiff appealed that dismissal to the Ninth Circuit Court of Appeals, which dismissed her appeals based on the posture of those consolidated cases. *Id.* at ECF No. 47.

In an apparent end-run around this Court's dismissal and the Court of Appeals' dismissal of her appeal, Plaintiff eliminated her TILA and RESPA claims and refiled these two actions. This Court then consolidated the cases *sua sponte* based on common issues of law and fact and in order to avoid additional unnecessary cost and delay under Federal Rule of Civil Procedure ("FRCP") 42(a). *See* ECF No. 11.

## CURRENT MOTIONS

Defendants in these consolidated cases have filed three motions to dismiss (ECF Nos. 7, 13, 16) as well as three concurrently-filed Requests for Judicial Notice (ECF Nos. 8, 14, 17). In their initial motion to dismiss for failure to state a claim under FRCP 12(b)(6), Defendants lodged arguments against each of Plaintiff's claims. Defendants contend, among other things, that (1) Plaintiff's fraud claims are time-barred and insufficiently pled; (2) Plaintiff's lack of standing claim is composed of bare legal conclusions which rest on the "split note" theory of asset transfer, which has been rejected by the Ninth Circuit, *see Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1044 (9th Cir. 2011); (3) Plaintiff has insufficiently pled her intentional infliction of emotional distress and slander of titles claims; (4) Plaintiff's slander of title claim is also time-barred; (5) Plaintiff's quiet title claim fails based on failure to allege tendering of debt; and (6) Plaintiff's request for declaratory relief fails due to lack of actual controversy. ECF No. 7 at 3. Subsequently, Defendants learned that Plaintiff has no ownership in the property that is the

central focus of this case following a non-judicial foreclosure and trustee's sale of the property

on December 17, 2015. ECF No. 13 at 2–3, ECF No. 15-1. This discovery prompted Defendants

to file a Supplemental Motion to Dismiss, ECF No. 13, for lack of standing under Rule 12(b)(1),

arguing that Plaintiff is not the real party in interest under Rule 17(a)(1).

Plaintiff has also moved in the Deschutes County Circuit Court for default judgment

against some defendants, apparently arising out of confusion related to the removal of one of the

consolidated cases. *See* ECF No. 20. In addition, as in the prior actions, Plaintiff has filed a

number of miscellaneous motions. ECF Nos. 23–26.

I address all of these motions below.

## STANDARD

### I.    Motion to Dismiss Under 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

facts that "state claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007). A claim is plausible on its face when the supporting factual allegations

allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009).

The factual allegations in a complaint must present more than "the mere possibility of

misconduct." *Id.* at 678. In the case of *pro se* litigants a court reviews the pleadings with a less

stringent standard than those drafted by lawyers; the court views the complaint liberally but will

not supplant vague and conclusory allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

### II.    Motion to Dismiss Under 12(b)(1)

Rule 17 requires that: "An action must be prosecuted in the name of the real party in

interest." Fed.R.Civ.P. 17(a)(1). A plaintiff lacks "prudential standing" if he is not asserting his "own legal interests as the real party in interest . . . ." *Dunmore v. United States,* 358 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted). The identity of the real party in interest, however, depends on the legal relationships of the parties under applicable substantive law."). Thus, the court should focus on "that portion of state law from which the specific right being sued upon stems." *Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1094 (9th Cir. 2004) (citation omitted) (emphasis omitted).

## III.    Motion for Default Judgment

The decision to grant or deny a motion for default judgment is within the discretion of the court. *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). There are a number of factors which may be considered when exercising that discretion. *Eitel,* 782 F.2d at 1471–72. Default judgments are ordinarily disfavored. *Id.* at 1472.

## DISCUSSION

### I.    Duplicative Matters and Judicial Notice

Defendants Countrywide Home Loans, Inc., ("Countrywide"), Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. ("MERS") collectively request that this court take judicial notice of the following documents: (1) a Deed of Trust securing to the property located at 65510 Old Bend Redmond Highway in Bend, Oregon, 97701 a $364,000 loan by Plaintiff Mary Strong who is Trustee of the Mary Strong Family Trust, recorded on March 23, 2007, in the Deschutes County Records Office as 2007-17104; (2) an Assignment of Deed of Trust, recorded on July 20, 2010, in the Deschutes County Records Office as 2010-28180; (3) an Appointment of Successor Trustee recorded on July 20, 2010, in the Deschutes County Records

Office as 2010-28181; (4) a Notice of Default and Election to Sell, recorded on April 20, 2011,

in the Deschutes County Records Office as 2011-14688; (5) a second Notice of Default and

Election to Sell, recorded on March 20, 2012, in the Deschutes County Records Office as 2012-

009789; (6) a Notice of Sale Proof of Compliance, recorded on July 6, 2012, in the Deschutes

County Records Office as 2012-026286; and (7) a Rescission Notice of Default recorded on July

6, 2012, in the Deschutes County Records Office as 2012-027835. Req. for Jud. Notice, ECF No.

8 (documents available at ECF No. 9, Exs. 1–7). Those same Defendants additionally request

that this court take judicial notice of a Trustee's Deed evidencing that the subject property was

sold in a trustee's sale to Stratagem Asset-Backed Credit Trust VI, under John P. Jones, Trustee,

on December 17, 2015, recorded on January 25, 2016, in the Deschutes County Clerk's Office as

2016-002518. Supp. Req. for Jud. Notice, ECF No. 14 (document available at ECF No. 15, Ex.

1). Finally, Defendant Bank of New York ("B.N.Y.") Mellon Trust Company, N.A., requests that

this court take judicial notice of a 20-year title search for the subject property through the First

American Title Company of Oregon, attached to ECF No. 18, showing that B.N.Y. Mellon never

had an interest in the property.

In general, material outside of the pleadings may not be considered in ruling on a motion

to dismiss unless the motion is treated as one for summary judgment and the parties are "given

reasonable opportunity to present all materials made pertinent to such motion by Rule

56." *Jacobson v. AEG Capital Corp.,* 50 F.3d 1493, 1496 (9th Cir. 1995). One exception to this

general rule allows the court to take judicial notice of "matters of public record," under Rule 201

of the Federal Rules of Evidence. *Lee v. County of Los Angeles,* 240 F.3d 754, 774 (9th Cir.

2001). Facts contained in public records are considered appropriate subjects for judicial

notice. *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir.

2006).

Upon analysis of the nine public documents in Defendants' various requests for judicial notice, this Court takes judicial notice of each under FRE 201, as they are matters of public record and not reasonably subject to debate.

Following this Court's judicial notice of the sale of the property, I find that Plaintiff is not the real party in interest for at least her claim to quiet title, her declaratory relief claim, and her rescission claim. On consideration of grounds for each of the current motions to dismiss, and in light of this Court's rulings in the previous duplicative actions, Plaintiff's claims are dismissed.

## II.    Motion for Default Judgment

Plaintiff's Motion for Default Judgment appears to be based on contentions that a Defendant not herein named has failed to appear. *See* ECF No. 20-1. Upon review and in exercise of its sound discretion, this Court denies Plaintiff's motion.

## III.    Bankruptcy Stay

On November 6, 2015, GMAC Mortgage, LLC, also named by Plaintiff in the Member Case caption as Residential Asset Mortgage Products, Inc., filed a Notice of Bankruptcy Status with this court. *See* 6:15-cv-1966-MC, ECF No. 15. Due to pending bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, any action as to those parties must be placed under an automatic stay. 11 U.S.C. § 362(a)(1). Accordingly, the above dismissal as to all other named defendants does not extend to GMAC Mortgage, LLC or Residential Asset Mortgage Products, Inc., and Plaintiff's action against those parties is stayed pending update in bankruptcy status.

Those parties are again ordered to notify this court within thirty days of the conclusion of their bankruptcy proceedings or, alternatively, if the Bankruptcy Court grants them limited relief

from the automatic stay requirements of 11 U.S.C. § 362.

## CONCLUSION

For the reasons stated above, Defendants' Requests for Judicial Notice, ECF Nos. 8, 14, 17, are ACCEPTED, Defendants' Motions to Dismiss, ECF Nos. 7, 13, 16, are GRANTED, and this case is DISMISSED with prejudice. Plaintiff's Motion for Default Judgment, ECF No.19, and her additional miscellaneous motions, ECF Nos. 23–26, are DENIED as moot. Plaintiff's claims are dismissed as to all defendants in both the Lead and Member Cases save for GMAC Mortgage, LLC and Residential Asset Mortgage Products, Inc. The action as to those two defendants is stayed pending bankruptcy proceedings.

IT IS SO ORDERED.

Dated this __6__ day of April, 2016.

_____
**Michael McShane**
**United States District Judge**