IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MARY STRONG**,

        Plaintiff,

        v.

**COUNTRYWIDE HOME LOANS, INC., ET AL.**,

        Defendants.

Civ. No. 6:16-cv-00233-MC (Lead Case)
Civ. No. 6:16-cv-00331-MC (Trailing Case)

OPINON AND ORDER

**MCSHANE, Judge:**

Defendants Countrywide Home Loans, Inc. ("Countrywide"), Federal Home Loan Mortgage Corporation, Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Countrywide, et al.") and The Bank of New York Mellon Trust Company ("BNY Mellon") move this Court for summary judgment pursuant to Fed. R. Civ. P. 56. Countrywide, et al.'s Mot., ECF No. 104; BNY Mellon's Mot., ECF No. 107.[1] In support of their Motion, Countrywide, et al. asks the Court to take judicial notice of five proffered exhibits. Req. for Judicial Notice, ECF No. 105.

Because Plaintiff has failed to raise a genuine dispute of material fact and her claims face various standing, preclusion, and statute of limitations issues, this Court GRANTS Defendants' Motions for Summary Judgment (ECF Nos. 104 and 107).

---

[1] The citations in this Opinion and Order refer to the CM/ECF documents in the lead case unless otherwise stated.

## BACKGROUND

This case is the culmination of many cases filed by Plaintiff Mary Strong, proceeding *pro se*. *See* Civ. Nos. 6:15-cv-01536-MC, 6:15-cv-1966-MC,[2] 6:16-cv-00233-MC, 6:16-cv-00331-MC. Plaintiff secured a $364,000 refinance loan ("senior loan") for a property located at 65510 Old Bend Redmond Highway in Bend, Oregon, 97701 ("the Property") and subsequently defaulted on it. ECF No. 9-1. GMAC Mortgage, LLC ("GMAC"), a junior lienholder, foreclosed their second position loan ("junior loan") on the Property and sold the Property by trustee's sale to Stratagem Capital, LLC ("Stratagem"). Countrywide et al.'s Mot. 8; Laurick Decl. Ex. 5, at 10, ECF No. 106. The Deed of Trust was assigned and Plaintiff eventually lost access to the Property. ECF No. 9-2. Plaintiff filed these now-consolidated actions relating to the loans in the Deschutes County Circuit Court on January 8, 2016. ECF Nos. 1, 2, and 11. Defendants removed the actions to this Court on February 8, 2016. *Id.* This Court dismissed Plaintiff's claims as to all Defendants—except GMAC and Residential Asset Mortgage Products, Inc. ("RAMP")—with prejudice on April 4, 2016. Op. and Order, ECF No. 29.

Plaintiff appealed on April 20, 2016. ECF Nos. 30 and 31. On September 8, 2017, the Ninth Circuit affirmed in part and vacated the dismissal regarding Plaintiff's (1) slander of title, quiet title, and request for declaratory judgment claims against Countrywide, et al.; and (2) slander of title, quiet title, wrongful foreclosure, and request for declaratory judgment claims against GMAC, RAMP,[3] Stratagem,[4] and BNY Mellon. *Strong v. Countrywide Home Loans,*

---

[2] This Court dismissed these consolidated actions and the Ninth Circuit dismissed Plaintiff's appeal. *Strong v. Countrywide Home Loans, Inc.*, No. 6:15-cv-01536-MC, 2015 WL 7185464 (D. Or. Nov. 13, 2015).
[3] This Court has since dismissed GMAC and RAMP from the action. *See* Order, ECF No. 32.
[4] This Court lacks personal jurisdiction over Stratagem because Plaintiff has not provided adequate proof of service. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4. However, 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.' Nonetheless, without substantial compliance with Rule 4 'neither actual notice

*Inc.*, 700 F. App'x 664, 666–67 (9th Cir. 2017). The Ninth Circuit concluded that Plaintiff may have standing to bring claims regarding the senior loan based on her allegation that the foreclosure sale on the junior loan was not conducted by the trustee or an authorized agent thereof. *Id.* at 3–4. Defendants filed the instant Motions for Summary Judgment and Request for Judicial Notice on May 7, 2019. ECF Nos. 104, 105, and 107.

## STANDARD OF REVIEW

This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.*

The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed.

---

nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal citations and quotations omitted). A corporation, partnership, or association in a U.S. judicial district must be served in the manner prescribed by Fed. R. Civ. P. 4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1). Here, Plaintiff attempted to serve a copy of the summons and complaint via email, United States Postal Service Priority Mail (to an undisclosed address), and two failed attempts at personal service. *See* Strong Affidavit 42–46, ECF No. 19-2 Ex. A; Strong Affidavit, ECF No. 20. None of these constitute adequate service. Regardless, this issue is immaterial because the claims this Court dismisses against BNY Mellon below are the same as against Stratagem. Although Stratagem has not moved for summary judgment, the claims against it would be dismissed even if it had appeared in this action.

R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## DISCUSSION

### I. Request for Judicial Notice

As a preliminary matter, Countrywide, et al. requests that this Court take judicial notice of five items:

> 1. Assignment of Deed of Trust related to the real property located at 65510 Old Bend Redmond Highway, Bend, OR 97701 ("Property"), pursuant to a $364,000 loan obtained by Mary Strong, Trustee of the Mary Strong Family Trust secured by a Deed of Trust recorded in the Deschutes County Records on March 23, 2007 at 2007-17104, and recorded in the Deschutes County Records on January 11, 2016, at 2016-000744.
> …
> 2. Assignment of Deed of Trust related to the Property and recorded in the Deschutes County Records on January 11, 2016 at 2016-000745.
> …
> 3. The Circuit Court of the State of Oregon for the County of Deschutes No. 16CV19530 Register of Actions regarding the judicial foreclosure related to the Property.
> …
> 4. General Judgment of Foreclosure and Declaration of Amount Due related to the Property and dated December 29, 2017, entered by the Circuit Court of the State of Oregon for the County of Deschutes in Case No. 16CV19530.
> …
> 5. December 13, 2018 Lot Book Report, a document relying on public records related to the state of title of the Property.

Countrywide, et al.'s Req. for Judicial Notice 3–4, ECF No. 105; *see* Laurick Decl., ECF No. 106. A court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201 so long as the facts contained therein are not subject to reasonable dispute. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–90 (9th Cir. 2001); *Santa Monica Food not Bombs v. City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006). A court may also take judicial notice

4 –ORDER

of material incorporated into a complaint in order to develop its understanding of facts and

inferences contained within the body of the complaint that are drawn from those incorporated

materials. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Lastly, a court

may properly notice, for the purpose of jurisdictional determinations, facts not subject to

reasonable dispute that come from sources whose accuracy cannot be reasonably questioned.

*Green v. U.S.*, 630 F.3d 1245, 1248 (9th Cir. 2011).

This Court takes judicial notice of Exhibits 1 through 4 under Federal Rule of Evidence

201 as they are matters of public record and not reasonably subject to debate. Judicial notice is

also appropriate with respect to Exhibit 5 because it regards matters of public record that are

publicly available and not reasonably subject to debate.

## II. Countrywide, et al.'s Motion for Summary Judgment

### A. Standing

Pursuant to FRCP 17(a)(1):

An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator; (C) a guardian; (D) a bailee; (E) a trustee of an express trust; (F) a party with whom or in whose name a contract has been made for another's benefit; and (G) a party authorized by statute.

A real party in interest is a person who has the right to sue under substantive law. *U-Haul*

*Int'l, Inc. v. Jartran, Inc.*, 793 F2d 1034, 1038 (9th Cir. 1986). Furthermore, a party must first

have Article III standing to sue in federal court, which must be determined as of the

commencement of the suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992)

(plurality opinion); see also *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) ("[T]he

jurisdiction of the Court depends on the state of things at the time of the action brought.").

Countrywide, et al. argues that Plaintiff cannot establish standing because she fails to raise a disputed issue of fact and is precluded from asserting an interest in the Property. Countrywide, et al.'s Mot. 14–16. Both issues are addressed in turn below.

A borrower has standing to bring a challenge after a foreclosure sale under Or. Rev. Stat. § 86.797(1) if it is "based on lack of notice or some other fundamental flaw in the foreclosure proceedings." *Woods v. U.S. Bank, N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) (citation and internal quotation marks omitted). For example, § 86.797(1) does not bar a post-sale challenge wherein a plaintiff alleges that the sale was not conducted by a duly authorized trustee because the participation of a trustee is so fundamental to a trustee's sale. *Wolf v. GMAC Mortg., LLC*, 370 P.3d 1254, 1256 (Or. Ct. App. 2016). In *Wolf*, the Oregon Court of Appeals reversed the trial court's grant of summary judgment for defendant because plaintiff argued, and defendant did not dispute, that someone other than the trustee conducted the foreclosure sale of his property. *Id.* at 1258.

Here, Plaintiff alleges throughout her Complaint that no Defendants had the right to foreclose on the Property. *See* Pl.'s Compl. 10, 11, 12, 15–16, and 17, ECF No. 1-1. Plaintiff makes vague and conclusory arguments and fails to point to any supporting evidence. Her Response fares no better.[5] She argues that Defendants "must prove that they have any legal standing to foreclose on the subject property" and "have not and cannot demonstrate clear and

---

[5] In addition to her Response, Plaintiff submitted a "Response to Defendants' Reply." *See* ECF No 113. Generally, courts only permit a response and reply following a motion for summary judgment. Local R. 7-1(f)(3). Courts allow additional briefing when they direct the parties to do so or where the moving party raises an evidentiary objection in its reply, in which case the non-moving party may submit a surreply addressing only the evidentiary objection. *Id.*; Local R. 56-1(b). This Court did not give Plaintiff leave to file additional briefing. And while Countrywide et al. raised an evidentiary objection, Plaintiff ignores it and makes numerous unrelated arguments. *See* Countrywide et al.'s Reply 6, n.2, ECF No. 111; Pl.'s Resp. to Reply. In fact, Plaintiff re-quotes the purported transcript excerpt that Countrywide et al. takes issue with. Pl.'s Resp. to Reply 4; *see also* Pl.'s Resp. 5. Therefore, this Court will not consider Plaintiff's "Response to Defendants' Reply."

legal chain of title granting any of those parties any rights whatsoever to the subject property." Pl.'s Resp. 4, 6, and 14, ECF No. 109. Plaintiff is sorely mistaken. She must adequately allege that the sale was not conducted by a duly authorized trustee in order to establish standing. *See Countrywide Home Loans, Inc.*, 700 F. App'x at 666–67. Defendants have shown that there is no genuine dispute as to this issue. *See* Countrywide et al.'s Mot. 14–16; Fed. R. Civ. P. 56(a). The burden is now on Plaintiff to present specific facts demonstrating that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87. She has not done so, and her uncorroborated allegations are insufficient. *See Villiarimo*, 281 F.3d at 1061.

Further, Plaintiff is precluded from asserting an interest in the Property and, in turn, establishing standing. When analyzing the preclusive effect of a state court judgment, courts turn to that state's preclusion principles. *Readylink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014). This Court therefore applies Oregon preclusion law. The Oregon Supreme Court summarized the issue preclusion doctrine as follows. "Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103 (1993) (citing *North Clackamas School Dist. v. White*, 305 Or. 48, 52 (1988), *modified on other grounds*; *State Farm Fire & Cas. v. Reuter*, 299 Or. 155, 157 (1985)). If one court has decided an issue, that court's decision may preclude re-litigation of the issue in another proceeding if:

> 1. The issue in the two proceedings is identical. 2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding. 3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue. 4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding. [And] 5. The prior proceeding was the type of proceeding to which this court will give preclusive effect.

*Nelson*, 318 Or. at 104 (internal citations omitted). 28 U.S.C. § 1738 requires federal courts to afford full faith and credit to state judicial proceedings. Put differently, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Edu.*, 465 U.S. 75, 81 (1984). Similarly, the *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

Here, BANA transferred the Deed of Trust to Pretium Mortgage Credit Partners, which transferred it to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not Individually But As Trustee For Pretium Mortgage Acquisition Trust ("Wilmington"). Laurick Decl. Exs. 1 and 2, ECF No. 106. Wilmington filed an action against Ms. Strong, among others, in the Deschutes County Circuit Court on June 21, 2016. Laurick Decl. Ex. 3, at 1, ECF No. 106. The court held a bench trial on October 27, 2017 and rendered a General Judgment of Foreclosure and Declaration of Amount Due on December 29, 2017. Laurick Decl. Ex. 4, at 1 and 4, ECF No. 106. The court found that Wilmington established its right to foreclose the Note and Deed of Trust against Ms. Strong and that its security interest in the property was a viable first priority lien superior to all defendants' interests. *Id.* at 2. Plaintiff appealed and was denied. Laurick Decl. Ex. 3, at 23, ECF No. 106.

The issue here—whether Plaintiff has raised a genuine issue of material fact regarding a fundamental flaw in the foreclosure proceedings—is identical to the issue in the Wilmington Foreclosure Action. The issue was actually litigated in the bench trial and was essential to a final

8 –ORDER

decision on the merits. Plaintiff was a party to the Wilmington Foreclosure Action and had a full and fair opportunity to be heard on the issue. And lastly, this Court must give preclusive effect to the Deschutes County Circuit Court's judgment.

Plaintiff therefore lacks standing to bring these claims against Countrywide, et al.

## B. Slander of Title

Countrywide, et al. next argues that Plaintiff's slander of title claim is time-barred and insufficiently pled. Countrywide, et al.'s Mot. 16–18.

There is a one-year statute of limitations on slander of title. ORS 12.120(2); *Diamond v. Huffman*, 64 Or. App. 330, 333 (1983) (citations omitted). The Notices of Default and Notice of Sale Proof of Compliance Plaintiff complains of were recorded in 2011 and 2012. Laurick Decl. Exs. 4–6, ECF No. 9. Plaintiff filed this action more than one year later on January 8, 2016. Pl.'s Compl. Plaintiff's slander of title claim is untimely.

This Court also agrees with Countrywide et al. that Plaintiff fails to plead facts or provide evidence sufficient to maintain a slander of title claim. *See* Countrywide et al.'s Mot. 17–18; *see also* Pl.'s Compl. 15–16; Pl.'s Resp., ECF No. 109. Moreover, Plaintiff rests her slander of title claim on the premise that Defendants had no right, title, or interest in the Property, and that they knew or should have known as much. Pl.'s Compl. 15–16. This premise is flawed, as explained below.

## C. Lack of Standing to Foreclose and Quiet Title

Countrywide, et al. argues that Plaintiff's quiet title claim relies on failed legal theories—specifically securitization and defective transfer—and fails for lack of tender. Countrywide, et al.'s Mot. 19–24.

Plaintiff alleges that MERS lacks the authority to "foreclose a mortgage, or to own or transfer an interest in a securitized mortgage" because its corporate charter limits its "powers and duties to functioning as an electronic registration system of certain types of securities." Pl.'s Compl. 11. Plaintiff also alleges that MERS "lacked authority as mere nominee [of the original lender] to assign Plaintiff's mortgage, making any assignment from MERS defective." *Id.* at 12.

Ms. Strong asserted identical "lack of standing to foreclose" theories in *Strong v. Lehman Bros. Bank*, *FSB*, and this Court dismissed her claims with prejudice. *See* No. 6:16-CV-01498-MC, 2018 WL 700821, at *3–4 (D. Or. Feb. 2, 2018), *aff'd sub nom. Strong v. Fed. Home Loan Mortg. Corp.*, 738 F. App'x 485 (9th Cir. 2018). This Court also dismissed Ms. Strong's quiet title claim because it was premised on her lack of standing claim and inadequately alleged. *Id.* at *4. Ms. Strong appealed that decision and the Ninth Circuit affirmed. *Fed. Home Loan Mortg. Corp.*, 738 F. App'x 485 (9th Cir. 2018). For the same reasons cited in *Lehman Bros. Bank*, Plaintiff's quiet title claim here fails. Accordingly, this Court need not address Defendant's lack of tender argument.

**D. Declaratory Relief**

Plaintiff's claim for declaratory relief is derivative of her "lack of standing" claim. Because the underlying claim is invalid, so is Plaintiff's claim for declaratory relief. *See Lehman Brothers Bank, FSB*, No. 6:16-CV-01498-MC, 2018 WL 700821, at *3.

**E. Conclusion**

Plaintiff has failed to raise a genuine issue of material fact sufficient to establish standing, and her claims against Countrywide et al. are otherwise precluded, time-barred, and insufficiently pled. Accordingly, this Court GRANTS summary judgment as to Plaintiff's claims against Countrywide et al.

### III. BNY Mellon's Motion for Summary Judgment

BNY Mellon is trustee for the GMAC Home Equity Loans Trust 2007-HE2. BNY

Mellon Mot. 1; Pl.'s Compl. 12, Trailing Case, ECF No. 1-1. BNY Mellon joins in Countrywide

et al.'s Motion and additionally argues that no recorded documents show that Plaintiff's loan was

assigned into the trust or BNY Mellon ever had an interest in the Property, therefore her

wrongful foreclosure claim fails. BNY Mellon's Mot. 2–3.

Plaintiff alleges that her loan was imperfectly securitized and the Note was improperly

transferred to BNY Mellon, acting as trustee for the trust holding the Note. Pl.'s Compl. 12, 17,

19, 21, and 25, Trailing Case. Plaintiff provides no evidence to support these allegations and

relies on the same failed legal theories that this Court discounts above. Plaintiff's wrongful

foreclosure, quiet title, slander of title, and request for declaratory judgment claims against BNY

Mellon therefore fail for the same reasons as her claims against Countrywide et al. Moreover,

BNY Mellon offers evidence showing that it did not have an interest in the Property in the 20

years prior to March 24, 2016.[6] *See* Laurick Decl. Ex. 1, ECF No. 108. Plaintiff does not address

that argument in her Response and therefore fails to raise a genuine issue of material fact as to

whether BNY Mellon had an interest in the Property.

Accordingly, this Court GRANTS summary judgment as to Plaintiff's claims against

BNY Mellon.

---

[6] Judicial notice is appropriate with respect to the March 24, 2016 Lot Book Report because it regards matters of
public record that are publicly available and not reasonably subject to debate.

11 –ORDER

## **CONCLUSION**

Defendants' Request for Judicial Notice, ECF No. 105, is ACCEPTED, Defendants'

Motions for Summary Judgment, ECF Nos. 104 and 107, are GRANTED, and Plaintiff's claims

are dismissed with prejudice and without leave to amend.

IT IS SO ORDERED.


DATED this 21st day of June, 2019.


s/Michael J. McShane_____
Michael J. McShane
United States District Judge